CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
AUG 18 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED MINE WORKERS OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STONEGA MINING AND PROCESSING COMPANY, et al., <br><br> Defendants. | Civil Action No. 2:03cv00154 <br> **MEMORANDUM OPINION** <br><br> By:  GLEN M. WILLIAMS <br> Senior United States District Judge |

The plaintiffs, United Mine Workers of America, ("UMWA"), Johnny E. Holmes and Ronald B. Smith, filed this action alleging a breach of a collective bargaining agreement against Stonega Mining and Processing Company, ("Stonega"), and Stonega Mining and Processing Company Health Care Plan, ("Stonega Plan"). This matter is before the court on the defendants' Motion For Reconsideration, (Docket Item No. 78), of the court's July 12, 2005, denial of the defendant's Motion For Summary Judgment, (Docket Item No. 75). The court's jurisdiction in this matter is based upon § 301 of the Labor Management Relations Act of 1947, ("LMRA"), 29 U.S.C. § 185, and § 502 of the Employment Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1132.

## I. Procedural History[1]

On December 23, 2003, the plaintiffs filed this suit alleging that "Stonega, by failing and refusing to provide and maintain health and other insurance benefits for individual plaintiffs Holmes and Smith or their eligible dependants has breached and violated its obligation under its collective bargaining agreement with the UMWA." (Docket Item No. 1.) On September 23, 2004, Stonega filed a motion to dismiss challenging the courts subject matter jurisdiction over the UMWA's claims. (Docket Item No. 21.) The court denied Stonega's motion to dismiss on February 9, 2005, (Docket Item No. 49). Stonega subsequently filed a motion for summary judgment, (Docket Item No. 50), which was denied by the court's Order dated July 12, 2005, (Docket Item No. 75). Stonega then filed a Motion For Reconsideration, (Docket Item No. 79), which is now before the court.

## II. Analysis

In an Order dated July 12, 2005, the court held that a letter from Stonega dated April 21, 1999, created a genuine issue of material fact as to whether the plaintiffs retired during the term of a collective bargaining agreement. (Docket Item No. 74, at 8.) In this letter, Stonega informed the UMWA that it would "implement all of the terms and conditions of our [1999 Agreement] effective Monday, April 26, with the exception of our proposed new health care plan. Stonega will continue with the

---

[1] The facts of this case are set forth in detail in the court's Memorandum Opinion entered July 12, 2005. (Docket Item No. 79.)

health plan currently in effect until further notice." In its motion for reconsideration, Stonega continues to argue that the court lacks jurisdiction to consider the plaintiffs' arguments as presented in their motion in opposition to summary judgment. (Docket Item No 79, at 2-3.) In addition, Stonega argues that even if the court did have jurisdiction to consider whether a collective bargaining agreement arose by implication, the negotiating ground rules entered into on July 22, 1998, precluded the formation of any oral or implied-in-fact collective bargaining agreement in this case. (Docket Item No 79, at 2-3.)

As Stonega noted below, the UMWA has indeed amended its theory of the case with regard the identity of the collective bargaining agreement which Stonega is alleged to have breached. However, as the court stated in its denial of Stonega's Motion For Summary Judgment, the claims have not been altered to such an extent as to deny jurisdiction over this claim. As the UMWA notes, a "contract" for purposes of § 301 jurisdiction encompasses any "agreement between employers and labor organizations significant to the maintenance of labor peace between them." *Retail Clerk Int'l Assn. Locals 128 & 633 v. Lion Dry Goods*, 369 U.S. 17, 28 (1962).

Next, the continuation of the healthcare plan does not appear to have been preempted by the negotiating ground rules because, rather than arising out of some oral agreement, the terms were implemented by Stonega itself upon the declaring of impasse. And, having reviewed Stonega's April 21, 1999, letter to the UMWA, the court is of the opinion that a genuine issue of material fact remains as to whether the mentioned health care plan referred to Stonega's obligations to provide lifetime health care benefits to its retirees, or, as Stonega has argued, merely identified the

-3-

specific health care plan under which the benefits would be administered. That being the case, the court has jurisdiction to consider whether Holmes's and Smith's rights vested during the term of the alleged collective bargaining agreement.

### III. Conclusion

Based on the above, Stonega's Motion For Reconsideration is hereby DENIED.

An appropriate order will be entered.

DATED: This 17 day of August, 2005.

*/s/ Glen M. Williams*
SENIOR UNITED STATES DISTRICT JUDGE

-4-